(V.D. 128)

HERMAN H. STICHT CO., INC. *v.* UNITED STATES

Entry No. 18459, etc.

(Decided June 16, 1964)

*Strauss & Hedges* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: This valuation proceeding arose by virtue of a judgment issued by the second division of this court in the case of *Herman H. Sticht Co., Inc.* v. *United States*, 39 Cust. Ct. 484, Abstract 61318, wherein the matter was remanded to a single judge sitting in reappraisement, pursuant to the provisions of title 28 U.S.C., section 2636(d).

The parties to this proceeding have stipulated and agreed as follows:

1. That the involved merchandise was imported prior to the effective date of the Customs Simplification Act (Public Law 927, 84th Cong., T.D. 54165).

2. That this stipulation is limited to those items on the invoices covered by the protests enumerated on Schedule "A" annexed which were imported with cases.

3. That as so limited the merchandise consists of instruments and cases which were held by the court in Abstract 61318 to be subject to appraisement separately according to the value of each class of article.

4. That the market value or the price of the instruments and cases herein at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was equal to the Swiss

franc figures set forth below plus the proportional share of the cost of packing as invoiced:

| Protest No. | Entry No. and date | Description | Swiss Francs ea. |
|---|---|---|---|
| 286906–K/19838/55 | 18459, 12/29/53 | 100 pcs. Speed indicators JACQUET No. 252 with accessories, supplement price for dials, and stampings on top plate | 48. 30 |
|  |  | Cases | 10. 20 |
|  | 19039, 1/5/54 | 100 pcs. Speed indicators JACQUET No. 252 with accessories, supplement prices for dials, and stampings on top plate | 44. 40 |
|  |  | Cases | 7. 90 |
| 288435–K/21455/55 | 897924, 5/11/55 | 15 pcs. Hand Tachometers JACQUET No. 601 with accessories, engravings, and stampings on top plate | 80. 70 |
|  |  | Cases | 12. 20 |
|  |  | 30 pcs. Hand Tachometers JACQUET No. 600 with accessories, engravings, and stampings on top plate | 80. 70 |
|  |  | Cases | 12. 20 |
| 296260–K/5784/56 | 56688, 3/7/55 | 48 pcs. Hand Tachometers JACQUET No. 620, with accessories and supplement price for dials, pointers, stamping and engraving | 82. 70 |
|  |  | Cases | 12. 20 |
|  |  | 1 pce. Hand Tachograph JACQUET No. 1620, with accessories and supplement price for dials, pointers, stamping and engraving | 381. 00 |
|  |  | Cases | 13. 50 |
|  |  | 25 pcs. Speed indicators JACQUET No. 254, with accessories and supplement price for dials, pointers, stamping and engraving | 85. 80 |
|  |  | Cases | 10. 20 |

5. That there was no higher foreign value, as that term is defined in section 402(d) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938.

6. That the remands or protests enumerated on Schedule "A" attached hereto may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Upon the agreed facts of record, I find that export value, as that value is defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. § 1402(d)), is the proper basis for determining the value of the speed indicators, hand tachometers, hand tachographs, and cases therefor, covered by the remands of protests enumerated in the schedule attached

to and forming part of this decision, and that said value is as shown in paragraph four of the above-quoted stipulation.

I further find such values to be the proper dutiable values of said merchandise.

This decision is limited to those items on the invoices accompanying the entries enumerated in the attached schedule A, consisting of the speed indicators, hand tachometers, and hand tachographs, which were imported with cases.

Judgment will issue accordingly.